USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/3/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

ULYSSES LOPEZ,

                      Defendant.

18-CR-736-1 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Ulysses Lopez ("Defendant") was charged with conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), and 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). (ECF No. 2.) On August 27, 2020, Defendant pled guilty to the lesser-included offense in violation of 21 U.S.C. § 841(b)(1)(B). On July 28, 2021, the Court sentenced Defendant to 87 months' imprisonment to be followed by four years of supervised release. (ECF No. 195.)

Presently before the Court is Defendant's motion for compassionate release. (ECF No. 197.) For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

Under Title 18, United States Code, Section 3582, a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Application Notes state that "a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with the Commission's policy statement." *Id.* (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis also requires courts to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

### I. Exhaustion

"Section 3582(c)(1)(A) imposes 'a statutory exhaustion requirement' that 'must be strictly enforced.'" *United States v. Perez*, No. 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (quoting *United States v. Monzon*, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020)). To this end, courts may consider compassionate release motions brought by an

incarcerated defendant only if he or she has either (1) fully exhausted the administrative process available at the correctional facility or (2) waited for thirty days after serving his or her petition on the warden of the facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant's submissions do not indicate that he has exhausted the administrative process available to him, nor has he given reason for the Court to waive the requirement. For this reason alone, the Court must deny Defendant's motion for compassionate release.

## II.     Extraordinary and Compelling Circumstances

Even if exhaustion requirements were met, the Court finds that Defendant has not met the "extraordinary and compelling circumstances requirement." Defendant argues that he suffers from asthma, acid reflex, pre-diabetes, high cholesterol, high liver enzyme level, thyroid, and headaches resulting from a head injury. (ECF Nos. 197, 202, 205.) Defendant maintains that he is at an increased risk for severe COVID-19 due to his underlying medical conditions. (*Id*.) In supplemental motion, Defendant states that he has been transferred to Lewisburg, PA's Satellite Camp Facility. (ECF No. 202 at 2.) He also writes in his "Amendment to Supplement" his compassionate release motion that the Omicron BA.2 and Delta-Omicron variant leaves him vulnerable to death and hospitalization. (ECF No. 205.)

According to the Centers for Disease Control and Prevention ("CDC"), individuals with "moderate to severe" asthma, chronic liver diseases, and diabetes may be at a higher risk for severe illness from COVID-19. Centers for Disease Control and Prevention, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 2, 2023). However, as of August 2, 2023, USP Lewisburg has zero active inmate cases. *Inmate COVID-19 Data*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed Aug. 3, 2023).

The Court acknowledges that in a rapidly evolving and ongoing public health crisis these numbers may change, but the fact that there are currently no reported positive cases is indicative of a situation which could not be deemed dire. *See, e.g., United States v. Reiter*, No. 87-CR-132 (VSB), 2021 WL 1424332, at *7 (S.D.N.Y. Apr. 15, 2021) (acknowledging that obesity put defendant at increased risk of severe illness from COVID-19 but noting that said risk was reduced since defendant has been vaccinated and the spread of the virus at the facility in which he resided has been controlled).[1]

Courts have also noted that "recent studies have revealed that Omicron causes a less serious infection in most people, . . . while vaccination still provides excellent protection against the most severe consequences of even this new variant – death and extended hospitalization." *See, e.g., Jaber*, 2022 WL 35434, at *3.

Accordingly, Defendant has failed to show extraordinary and compelling circumstances related to his health.

### III.    Section 3553(a) Factors

Given that Defendant's motion fails on the exhaustion and "extraordinary and compelling circumstance" requirements, the Court need not assess whether Section 3552(a) counsels against a reduction of Defendant's sentence.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Government is directed to serve a copy of this Opinion and Order on the appropriate facility, and

---

[1] Defendant does not clearly indicate whether he is vaccinated. Notably, "[f]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason for immediate release." *United States v. Patel*, No. 21-1746, 2022 WL 1634454, at *2 (2d Cir. May 24, 2022) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Van Manen*, No. 18-CR-30-3 (PAC), 2022 WL 842989, at *2 (S.D.N.Y. Mar. 22, 2022) (noting, "For the "vast majority of prisoners"—even those with underlying health conditions [ ]—the ubiquitous availability of vaccines means that the risk of COVID-19 is no longer an extraordinary basis for release").

to file proof of service on the docket on or before August 10, 2023.  The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 197.

Dated:   August 3, 2023                                              SO ORDERED:
          White Plains, New York

                                                                                          NELSON S. ROMÁN
                                                                    United States District Judge